## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**PRIMAL PALATE, LLC,**
a Pennsylvania corporation

       Plaintiff,

                              Case No.

v.

**SAVORX, LLC (d/b/a "Spiceologist"),**
a Washington corporation,

       Defendant.
_____

## COMPLAINT & JURY DEMAND

NOW COMES Plaintiff Primal Palate, LLC (hereinafter "Primal Palate"), by and through its attorneys, Carlson, Gaskey & Olds, P.C., and for its Complaint against Defendant Savorx, LLC (d/b/a "Spiceologist") (hereinafter "Spiceologist") states as follows.

## NATURE AND BASIS OF ACTION

1. This is an action by Primal Palate against Spiceologist for trademark infringement and violation of the Michigan Consumer Protection Act. Primal Palate seeks injunctive relief and damages for trademark infringement under Sections 32 and 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1114 and §1125(a) ("the Lanham Act") and for violation of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

1

## THE PARTIES

2. Primal Palate is a Pennsylvania limited liability company with its principal place of business in Pittsburgh, Pennsylvania.

3. Spiceologist is, on information and belief, a Washington limited liability company with a principal place of business at 125 S. Cowley Street, Spokane, Washington 99202.[1]

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c).

5. Pendent or supplemental jurisdiction of this Court exists for the state law claim, which arises out of a common nucleus of operative facts with those from the federal claim.

6. Personal jurisdiction in this district is proper inasmuch as Spiceologist, on information and belief, has solicited and conducted business within the State of Michigan via, at a minimum, its online order system, thereby purposely availing itself of the privilege of acting in the State of Michigan.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

---

[1] Spiceologist also lists the following address as the address of its Resident Agent but an attempt to deliver a letter to this address was not possible as it appears that the address is no longer valid: 2721 N. Van Marter Road, Bay #5, Spokane Valley, Washington 99206-6691.

## FACTUAL ALLEGATIONS

8. Bill Staley and Hayley Mason founded Primal Palate in 2012. Primal Palate promotes a Paleo-based way of eating through four published cookbooks, an on-line book, eating plans, and a variety of Paleo-based foods and accoutrements.

9. Mr. Staley and Ms. Mason were one of the first to publish a Paleo-based cookbook in 2011. This book, "Make it Paleo" has enjoyed great success, with widespread distribution that includes Costco. As an early Paleo pioneer company, Primal Palate has been at the forefront of the Paleo movement and has worked to bring the Paleo-based diet philosophy to a larger audience.

10. Primal Palate began working in September 2012 to create a line of high quality spices under the Primal Palate brand name.

11. "Primal Palate Organic Spices" launched in June 2015.

12. Primal Palate first used the "Primal Palate" mark in commerce on January 20, 2012.

13. On December 5, 2013, Primal Palate filed applications with the United States Patent and Trademark Office ("USPTO") to register the trademark "Primal Palate" in two classes, International Class 09 and 030.

14. Primal Palate was granted registration for "Primal Palate" in International Classes 09 and 30 on September 16, 2014. The goods and services of

this registration include bakery goods, website, and computer application software. (See Exhibit A.)

15. According to its website, Spiceologist was formed in 2013 by Pete Taylor and Heather Scholten. http://spiceologist.com/pages/about-us

16. Spiceologist intends to launch a line of spices using the name "Primal Spice." Originally, Spiceologist intended to launch this new line during January of 2016 but, on information and belief, Spiceologist has moved that launch date forward in response to a letter sent to Spiceologist by counsel for Primal Palate. https://www.specialtyfood.com/organization/121783/spiceologist/

17. Spiceologist has obtained a URL of "Primal Spice" on or about May 10, 2015. www.primalspice.com

18. Alerted to the existence of "Primal Spice," Primal Palate acted promptly to protect its trademark rights by sending a letter to Spiceologist asking that it cease the infringing use.

19. Spiceologist declined to cease this infringing use and, instead, on information and belief, accelerated its plans to launch "Primal Spice."

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT UNDER §32 OF THE LANHAM ACT)

20. Primal Palate incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

21. Spiceologist has, without Primal Palate's consent, used in commerce a colorable imitation of the "Primal Palate" mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a).

22. Primal Palate's federal registrations on the Principal Register for the mark "Primal Palate" is conclusive evidence of Primal Palate's exclusive right to use this mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.

23. The infringing acts committed by Spiceologist were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and have caused, and unless enjoined, will continue to cause damage to Primal Palate.

24. As a proximate result of Spiceologist's actions, Primal Palate has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Primal Palate for its injuries and Primal Palate lacks an adequate remedy at law.

25. Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

26. Primal Palate is entitled to a permanent injunction against Spiceologist, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT II
## (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT)

27. Primal Palate incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

28. The Primal Palate mark is a well-established mark that serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with Primal Palate, LLC, which has an exceptional reputation in the Paleo community.

29. As evidenced by the federal registrations and their long, continued and exclusive use, Primal Palate's mark has acquired distinctiveness and secondary meaning in connection with a Paleo-based lifestyle.

30. Before it used Primal Palate's mark, Spiceologist had actual and constructive knowledge of the use and ownership by Primal Palate of the "Primal Palate" mark and was aware of the advertising and promotional activities sponsored by Primal Palate.

31. Spiceologist has used and continues to use, and has expressed an intent to expand, its use of the Primal Palate mark in a manner that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Spiceologist with Primal Palate, and to the origin, sponsorship, or approval of Spiceologist's goods, services, and/or commercial activities.

32. Spiceologist's use of the Primal Palate mark constitutes false designation of origin, false description and false representation in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33. As a proximate result of Spiceologist's actions, Primal Palate has suffered and will continue to suffer harm to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable.

34. An award of monetary damages alone cannot fully compensate Primal Palate for its injuries and Primal Palate lacks an adequate remedy at law.

## COUNT III
## (VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

35. Primal Palate incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

36. Spiceologist's sale of its products constitutes "trade or commerce" within the meaning of 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

37. Spiceologist's actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA, MCL §445.903(1)(a).

38. Primal Palate has suffered harm as a proximate result of Spiceologist's actions.

39. Primal Palate has been irreparably harmed by Spiceologist's actions and has no adequate remedy at law.

## PRAYERS FOR RELIEF

**WHEREFORE,** Primal Palate respectfully requests that this Court:

A. Enter judgment that Spiceologist has, without the consent of Primal Palate, used in commerce a colorable imitation of Primal Palate's "Primal Palate" mark in connection with the sale, offering for sale, distribution, and advertising of spices in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(a).

B. Enter judgment that Spiceologist has used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. §1125(a); have injured Primal Palate's business reputation and diluted the distinctive quality of its federally registered and famous marks; have otherwise

injured Primal Palate by promoting, advertising, and selling their spices using a colorable imitation of Primal Palate's marks in willful violation of 15 U.S.C. §1125(c)(1); and with bad faith intent to profit from Primal Palate's marks, has used a domain name identical, dilutive, or confusingly similar to Primal Palate's marks in violation of 15 U.S.C. §1125(d).

    C.    Award actual or statutory damages for Spiceologist's violation of 15 U.S.C. §1125(d)(1) in an amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just.

    D.    Enter an order pursuant to 15 U.S.C. §1125(d)(IX)(ii)(c) that Spiceologist forfeit, cancel, or transfer the domain name "primalspice.com" to Primal Palate.

    E.    Issue a permanent injunction under 15 U.S.C. §1116(a) ordering Spiceologist and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or mark "Primal Palate" or any colorable imitation of "Primal Palate," including without limitation the use of the mark "Primal Spices" and to file with the court and serve on Primal Palate within 30 days of service on Spiceologist of such injunction a report in writing under oath setting forth in detail the manner and form in which Spiceologist has complied with the injunction.

F. Award damages to Primal Palate as provided under 15 U.S.C. §1117(a), including Spiceologist's profits, three times the actual damages sustained by Primal Palate, restorative advertising costs, and reasonable attorney fees to Primal Palate as prevailing party, and/or if the court shall find that the amount of recovery based on profits is either inadequate or excessive, to award in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of this case, and the costs of this action.

G. Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Spiceologist bearing the registered marks or colorable imitation of such marks, shall be delivered and destroyed.

H. Enter judgment that Spiceologist's use of Primal Palate's marks violates the Michigan Consumer Protection Act, and award all damages, including costs and reasonable attorney fees, as authorized by that Act.

I. Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Primal Palate demands a trial by jury for all issues so triable.

Dated:  November 13, 2015　　　　CARLSON, GASKEY & OLDS, P.C.

　　　　　　　　　　　　　　　　By:　/s/ Steven Susser
　　　　　　　　　　　　　　　　　　STEVEN SUSSER (P52940)
　　　　　　　　　　　　　　　　　　CARLSON, GASKEY & OLDS, PC
　　　　　　　　　　　　　　　　　　400 W. Maple, Suite 350
　　　　　　　　　　　　　　　　　　Birmingham, MI 48009
　　　　　　　　　　　　　　　　　　Phone: (248) 988-8360
　　　　　　　　　　　　　　　　　　Fax: (248) 988-8363
　　　　　　　　　　　　　　　　　　ssusser@cgolaw.com